IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION



| | | |
|---|---|---|
| MIGUEL HERNANDEZ-CAMARA, Plaintiff | § § § | |
| v. | § § | MO-01-CA-093 |
| EL PASO SERVICE PROCESSING CENTER, ET AL. Defendants | § § § § | |

## ORDER *SUA SPONTE* DISMISSING PLAINTIFF'S COMPLAINT FILED PURSUANT TO TITLE 28 U.S.C. § 1983 FOR IMPROPER VENUE

BEFORE THIS COURT is Plaintiff Miguel Hernandez-Camara's ("Plaintiff") Complaint filed pursuant to Title 28 U.S.C. § 1983 along with his Application to Proceed *In Forma Pauperis* ("IFP").

On June 13, 2001, Plaintiff filed his Complaint and Application to Proceed IFP. In his Complaint, Plaintiff has sued the El Paso Service Processing Center ("the Center") and several of its employees for alleged unconstitutional actions that took place while he was incarcerated there. At the time Plaintiff filed suit, he was residing in Las Vegas, Nevada. The Defendants are all employed in El Paso County, Texas, and the Plaintiff resides in another state. The alleged unlawful actions all occurred in El Paso County, Texas. Based on the Complaint, the Court finds there is no connection between the allegations or parties and any of the counties located with the jurisdiction of this Court. The Court further finds that Plaintiff filed this action pursuant to a federal statute, 42 U.S.C. § 1983. Therefore, the Court's jurisdiction is not based on diversity of citizenship rather than on a federal question pursuant to Title 42 U.S.C. § 1983.

Title 28 U.S.C. § 1391(b) reads:



> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Consequently, proper venue in this cause lies in the United States District Court for the Western District of Texas, El Paso Division, which is where the Center is located, all of the Defendants are employed and seem to reside, and all of the events surrounding the Complaint occurred.

Having found that venue is improper here, the Court must determine if this action should be transferred or dismissed. Title 28 U.S.C. § 1406(a) states, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." After careful review of the Complaint and the docket history of this case which indicates no communications from Plaintiff since he filed suit, the Court finds that sound judicial discretion dictates that this action be dismissed rather than transferred to the El Paso Division. Therefore, the Complaint shall be dismissed for improper venue, but without prejudice to allow Plaintiff an opportunity to raise his claims, in better terms, and in the proper court if he so wishes.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Miguel Hernandez-Camara's Complaint, filed pursuant to Title 28 U.S.C. § 1983, is **DISMISSED** for **IMPROPER VENUE**.

**Signed** on this 5th day of **February, 2002.**

*Royal Furgeson*
ROYAL FURGESON
United States District Judge
Western District of Texas

2